IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN (ST. LOUIS) DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. JEREMIAH W. (JAY) NIXON, Attorney General, and THE MISSOURI DEPARTMENT OF NATURAL RESOURCES,<br><br>Plaintiff,<br><br>v.<br><br>THE DOE RUN RESOURCES CORPORATION d/b/a THE DOE RUN COMPANY,<br><br>Defendant. | Case No. 4:06CV00969 CDP |

## MEMORANDUM IN SUPPORT OF
## STATE OF MISSOURI'S MOTION TO INTERVENE

The State of Missouri files this memorandum in support of its motion to intervene as a plaintiff in this action. Missouri has a right to intervene pursuant to Federal Rule of Civil Procedure 24(a) because it has the responsibility to ensure that federal and state environmental laws are properly enforced in this state, the disposition of this action may as a practical matter impair or impede Missouri's ability to protect its interest in such enforcement, and Missouri's interest is not adequately represented by the existing parties. Alternatively, Missouri should be allowed to intervene pursuant to Rule 24(b) because the claims raised by Missouri in its proposed complaint share in common with the pending complaint most

EXHIBIT 5

questions of law and fact. Furthermore, Missouri is authorized to enforce the environmental laws in this state.

### I. Missouri Has a Right to Intervene in this Action Pursuant to Rule 24(a)

Rule 24(a) states in pertinent part:

> Upon timely application anyone shall be permitted to intervene: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Missouri satisfies each of the requirements of the rule and therefore has the right to intervene in this action.

#### A. *This Motion Is Timely*

The factors to consider in deciding whether a motion to intervene is timely are: (1) how far the litigation has progressed; (2) whether the parties will suffer prejudice by any delay if intervention is allowed; and (3) the reason for any delay. *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993).

Although this action was filed June 23, 2006, the answer was not filed until February 6, 2007. Pursuant to the Amended Case Management Order dated March 12, 2008, trial is not scheduled until October 26, 2009. Only one deposition has been taken. Thus, despite the passage of a significant amount of time since the case was originally filed, it has not progressed beyond the

preliminary discovery stage. Missouri has been in consultation with plaintiff Nadist, LLC and anticipates that Missouri will not need to duplicate or significantly amplify on the paper discovery already completed. Therefore, the first factor supports the timeliness of this motion.

Furthermore, Missouri fully intends to comply with the schedule set forth in the Court's Amended Case Management Order. Because Missouri's intervention will not delay the proceeding, no party will suffer prejudice from delay. The second factor also indicates this motion is timely.

Finally, Missouri made a determination at the time this case was filed that it would not seek to intervene at that time. The original complaint was based in large part on investigations conducted by MDNR. MDNR had not previously pursued an enforcement action based on those investigations and believed it would not be appropriate to do so simply because a private party had filed suit. Largely as a result of the discovery that has been conducted in this action, however, additional information previously unknown to Missouri has come to light. Based on this new information, the State now believes it is essential for Missouri to be a part of this action to protect the State's interest in proper enforcement of state and federal environmental laws.

Missouri's intervention at this stage of the proceeding will not result in any delay or prejudice any party. Therefore, this motion is timely.

B. *Missouri Has an Interest in the Proper Enforcement of State and Federal Environmental Laws*

Rule 24(a) requires "a direct, substantial, legally protectable interest in the proceedings." C. Wright, A. Miller & K. Kane, *Federal Practice and Procedure* § 1908.1 (quoting *Panola Land Buying Association v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988)). The interest must be more than "peripheral or insubstantial; the applicant must assert a 'significantly protectable interest.'" *Planned Parenthood v. Citizens for Comm. Action*, 558 F.2d 861, 869 (8th Cir.1977)(citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

A state agency charged with enforcement of state law has such an interest when the action involves construction of a federal law affecting state law or policy. *See Nuesse v. Camp*, 385 F.2d 694, 700-01 (D.C. Cir. 1967). MDNR, with the support of the Missouri Attorney General, is charged with enforcement of the state's environmental laws. § 640.010, RSMo. It is authorized under federal law to provide primary enforcement of the environmental laws in the state. *See, e.g.*, 33 U.S.C. § 1319; 42 U.S.C. §§ 6926, 6941, 7410, 7411(c), 9607(f). Therefore, the State has a significant protectable interest in ensuring that the laws are properly applied in this case.

Furthermore, when the action may have an impact on the environmental health or property of a state, the state has a sufficient interest to satisfy Rule 24(a). *See Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1497 (9th Cir. 1995). In its proposed complaint, Missouri alleges that defendant Doe Run

has contaminated waters of the state that flow through property owned and managed by the state. Complaint ¶ 3. Missouri has also claimed natural resource damages pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). *Id.* ¶¶ 61-69. This, too, establishes a sufficient interest to satisfy Rule 24(a).

    C.    *The Disposition of the Action May as a Practical Matter Impair or Impede the Missouri's Ability to Ensure Proper Enforcement of the Environmental Laws*

A decision in the pending case in the absence of Missouri would not bind Missouri, but it would certainly be persuasive in any subsequent action filed by Missouri. In a subsequent case filed in this Court, the prior decision would likely be considered *stare decisis* on the common questions of law and fact, which predominate, particularly if the pending action is appealed to the Eighth Circuit, which is likely given the stakes. Unless Missouri intervenes, its ability to ensure proper enforcement of the environmental laws will as a practical matter be impaired. *See Corby Recreation, Inc. v. General Electric Co.*, 581 F.2d 175, 177 (8th Cir. 1978); *Nuesse v. Camp*, 385 F.2d at 701.

    D.    *Missouri's Interest in this Action Is Not Adequately Represented by the Existing Parties*

Although Missouri's interest in this action is similar to Nadist's, it differs in several significant respects. Most importantly, Nadist is a private party protecting its own interests, while Missouri is charged with representing all of the people of the State. Nadist could quite possibly obtain relief through judgment or settlement

5

that would be adequate to protect its own interests without providing the relief necessary to protect the interests of the public at large.

Only Missouri or the federal government is empowered to obtain natural resource damages CERCLA. 42 U.S.C. § 9607(f). Only Missouri can pursue violations of the state environmental laws. Under these circumstances, Missouri's interests are not adequately represented. *See Nuesse v. Camp*, 385 F.2d at 704; *Dixon v. Heckler*, 589 F. Supp. 1512, 1516 (S.D.N.Y. 1984); *U. S. v. Reserve Mining Co.*, 56 F.R.D. 408, 417 (D. Minn. 1972).

### II. The Court Should Permit Missouri to Intervene Pursuant to Rule 24(b)

In the alternative, if the Court does not find that Missouri has a right to intervene in this action, the Court should permit Missouri to intervene pursuant to Rule 24(b). The rule states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Common questions of law and fact predominate. Moreover, Missouri is charged with primary responsibility for enforcing the federal standards at issue in the

6

original action. No undue delay or prejudice will result from granting Missouri leave to intervene. Therefore, the Court should permit intervention.

    A.    *Common Questions of Law and Fact Predominate*

With respect to the federal environmental claims, except for Missouri's claims pursuant to the CERCLA, the claims in the pending action and in Missouri's proposed complaint are identical in every respect. Even the CERCLA claim and the state environmental claims are based on many of the same facts as the pending federal environmental claims.

    B.    *Missouri Has Primary Responsibility for Enforcing the Standards at Issue in the Original Action*

The State – and DNR in particular – is authorized to enforce the environmental laws in this state. § 640.010, RSMo; *see, e.g.*, 33 U.S.C.§ 1319; 42 U.S.C. §§ 6926, 6941, 7410, 7411(c), 9607(f). Therefore, DNR satisfies the standard for permissive intervention of a state agency with responsibility for administering statutes at issue in the original action.

    C.    *No Undue Delay or Prejudice Will Result*

As discussed above, this case has not progressed beyond the preliminary discovery stage. Missouri has been in consultation with plaintiff Nadist, LLC and is prepared to move forward without delay. Missouri will comply with the schedule set forth in the Court's Amended Case Management Order. Because Missouri's intervention will not delay the proceeding, no party will suffer undue prejudice or delay.

## Conclusion

For the foregoing reasons and the reasons set forth in Missouri's motion, Missouri requests the Court to grant this motion to intervene.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

/s/ H. Todd Iveson
Joseph P. Bindbeutel, Bar No. 12849
Chief Counsel, Agriculture and
Environment Division
Shelley Woods, Bar No. 16923
H. Todd Iveson, Bar No. 3465
Assistant Attorneys General
8th Floor, Broadway Building
P.O. Box 899
Jefferson City, MO 65102
Fax No. (573) 751-8796
Telephone No. (573) 751-3640
Joe.bindbeutel@ago.mo.gov
Shelley.woods@ago.mo.gov
todd.iveson@ago.mo.gov

ATTORNEYS FOR STATE OF
MISSOURI

## CERTIFICATE OF SERVICE

The undersigned certifies that service was made by means of the Notice of Electronic Filing, this 3rd day of June, 2008, to the following counsel of record:

OR

The undersigned certifies that copies of the foregoing were mailed, postage prepaid, this 3rd day of June, 2008, to the following counsel of record:

| | |
|---|---|
| Ronald E. Fox<br>Bart C. Sullivan<br>John M. Allen<br>Fox Galvin, LLC<br>One South Memorial Drive, 12th Floor<br>St. Louis, MO 63102<br>rfox@foxgalvin.com<br>bsullivan@foxgalvin.com<br>jallen@foxgalvin.com<br><br>*Attorneys For Plaintiff Nadist, LLC*<br><br>Jon A. Santangelo<br>Jamie L. Boyer<br>Stinson Morrison Hecker LLP<br>100 South Fourth Street, Suite 700<br>St. Louis, MO 63102-1823<br>jsantangelo@stinson.com<br>jaussieker@stinson.com<br><br>*Attorneys for Defendants The Doe Run Resources Corporation and DR Land Holdings, LLC* | Craig Stewart<br>Jonathan S. Bender<br>Malissa E. Williams<br>Holland & Hart LLP<br>555 17th Street Suite 3200<br>Denver, CO 80202<br>cstewart@hollandhart.com<br>jsbender@hollandhart.com<br>mewilliams@hollandhart.com<br><br>Kyle Anne Gray<br>Holland & Hart LLP<br>401 North 31st Street Suite 1500<br>Billings, MT 59101<br>kgray@hollandhart.com<br><br>John H. Quinn III<br>John F. Cowling<br>Armstrong Teasdale, LLP<br>One Metropolitan Square, Suite 2600<br>St. Louis, MO 63102-2740<br>jquinn@armstrongteasdale.com<br>jcowling@armstrongteasdale.com<br><br>*Attorneys for Third-Party Defendant Industrial Holdings Corporation* |

/s/ H. Todd Iveson
H. Todd Iveson

9

Kathy Silvester

**From:** Moed_AutoSend@moed.uscourts.gov
**Sent:** Tuesday, June 03, 2008 9:49 AM
**To:** MOED_ECF_Notification@moed.uscourts.gov
**Subject:** Activity in Case 4:06-cv-00969-CDP Nadist, LLC v. Doe Run Resources Corporation, The et al Memorandum in Support of Motion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Eastern District of Missouri (LIVE)

**Notice of Electronic Filing**

The following transaction was entered by Iveson, H. on 6/3/2008 at 9:49 AM CDT and filed on 6/3/2008
**Case Name:** Nadist, LLC v. Doe Run Resources Corporation, The et al
**Case Number:** 4:06-cv-969
**Filer:** State of Missouri
**Document Number:** 110

Docket Text:
**MEMORANDUM in Support of Motion re [109] MOTION to Intervene filed by Intervenor Plaintiff State of Missouri. (Iveson, H.)**

**4:06-cv-969 Notice has been electronically mailed to:**

John M. Allen    jallen@foxgalvin.com, jtimme@foxgalvin.com

Jonathan Bender    jsbender@hollandhart.com, tdavis@hollandandhart.com

Jamie L. Boyer    jboyer@stinson.com

John F. Cowling    jcowling@armstrongteasdale.com, cperley@armstrongteasdale.com

Michael P. Downey    mdowney@hinshawlaw.com, gblassingame@hinshawlaw.com

Ronald E. Fox    rfox@foxgalvin.com, ksilvester@foxgalvin.com

Kyle Anne Gray    kgray@hollandhart.com, lsawatzke@hollandhart.com

H. Todd Iveson , Jr    todd.iveson@ago.mo.gov

6/3/2008

| | |
|---|---|
| Ryan E. Mohr | rmohr@foxgalvin.com, pstonecipher@foxgalvin.com |
| John H. Quinn , III | jquinn@armstrongteasdale.com, efinnegan@armstrongteasdale.com |
| Jon A. Santangelo | jsantangelo@stinson.com, jmmoore@stinson.com |
| State of Missouri | todd.iveson@ago.mo.gov |
| Craig Stewart | cstewart@hollandhart.com, intaketeam@hollandhart.com |
| Bart C. Sullivan | bsullivan@foxgalvin.com, lcoco@foxgalvin.com |
| Malissa E. Williams | mewilliams@hollandhart.com |

**4:06-cv-969 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=6/3/2008] [FileNumber=2423023-0]
[a2d911b36101d27c282cf2be4464443edff11a4e458e0f8800f45149bfced2d0dd3e
c0432e95c2f19f72571ccc06ea7eef011240bf5c520f8aaabf82a93537ea]]

6/3/2008