
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF MISSOURI <br><br> Plaintiffs, <br><br> v. <br><br> THE DOE RUN RESOURCES CORPORATION, THE DOE RUN RESOURCES CORPORATION d/b/a "THE DOE RUN COMPANY"; and THE BUICK RESOURCE RECYCLING FACILITY, LLC <br><br> Defendants. | Civil Action No. 4:10-cv-1895 ~~JCH~~ <br><br> **Second Amendment to the Consent Decree** |

## SECOND AMENDMENT TO THE CONSENT DECREE

**WHEREAS**, Plaintiffs, United States of America on behalf of the United States Environmental Protection Agency and the State of Missouri at the relation of Chris Koster, Attorney General, and the Missouri Department of Natural Resources, and Defendants, The Doe Run Resources Corporation; The Doe Run Resources Corporation d/b/a The Doe Run Company; and The Buick Resource Recycling Facility (collectively "Doe Run"), lodged a Consent Decree dated October 8, 2010, which was entered by the Court on December 21, 2011 (the "Consent Decree") in the Eastern District of Missouri; on December 6, 2013, this Court entered the First Amendment to the Consent Decree;

**WHEREAS**, Paragraph 8.a of the Consent Decree provides that:

No sale or transfer of ownership or operation, in whole or in part, of any of the Doe Run Facilities shall take place before the transferee, Defendants, and the Plaintiffs have executed, and the Court has approved, a modification pursuant to Section XXVI (Modification) of this Consent Decree making the transferee a party defendant to this Consent Decree and jointly and severally liable with Defendants for all requirements of this Decree, with the exception of the obligations set forth in Section IX (Site Remediation – Herculaneum), Section X (Financial Assurances), Paragraphs 155, 156, 158, 161, and 162 (Stream Mitigation provisions) of Section XIV (Additional Injunctive Relief), and Section XV (Environmental Mitigation Projects), which may be applicable to the transferred or purchased Doe Run Facilities . . ..

**WHEREAS**, the Herculaneum Lead Smelter Facility located in Herculaneum, Missouri, is one of the "Doe Run Facilities" as defined in Paragraph 9.o. of the Consent Decree.

**WHEREAS**, on December 31, 2014, proposed partial transferee defendant (for a portion of the Doe Run Facilities at issue) Riverview Commerce Park, LLC ("RCP") communicated its desire to exercise its Option to Purchase as described in the Lease Purchase Agreement to acquire a portion of the Herculaneum Lead Smelter Facility consisting of approximately eighteen

2

(18) acres immediately adjacent to the Mississippi River, running the north/south length of the Herculaneum Lead Smelter Facility (henceforth the "Riverfront Property").

**WHEREAS**, on March 5, 2015, Defendants provided a copy of the Consent Decree to RCP and simultaneously provided written notice to the Plaintiffs advising of the prospective transfer, together with the a copy of the prospective transfer agreement, in compliance with Paragraph 8.b. and the notice provisions of Section XXIII (Notices) of the Consent Decree.

**WHEREAS**, Section XXVI (Modification) of the Consent Decree provides for modification of the terms of the Consent Decree by written agreement signed by all Parties, and where a material change is proposed, upon approval by the Court.

**WHEREAS**, RCP and Defendants, with respect to the duties and obligations set forth in the Consent Decree as applicable to Defendants, have agreed to modify the Consent Decree to add RCP as a party for purposes of effecting transfer of the Riverfront Property, subject to approval of the Court.

**WHEREAS**, the United States, the State of Missouri, Defendants, and RCP (the "Parties") now voluntarily and jointly seek to modify the Consent Decree as set forth herein ("Second Amendment"); and,

**WHEREAS**, in accordance with Paragraph 258 of the Consent Decree, each undersigned representative of Doe Run, RCP, the State of Missouri, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Second Amendment and to execute and legally bind the Party he or she represents to this Second Amendment.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, and DECREED as follows:

## MODIFIED AND ADDED PROVISIONS

1. The Consent Decree entered by the Court on December 21, 2011, and amended on December 6, 2013, shall remain unchanged and in full force and effect in accordance with its terms except that certain paragraphs of the Consent Decree are modified as specifically set forth below.

2. Section II. (Applicability) of the Consent Decree shall be modified as follows:

**Paragraph 5 shall now read (modifications are double underlined):**

5. The obligations of this Consent Decree apply to and are binding upon the United States and the State, and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law. <u>Riverview Commerce Park, LLC, as a transferee of a portion of the Herculaneum Lead Smelter Facility (hereinafter the "Transferee Defendant"), is a party to this Consent Decree, but its obligations hereunder are expressly limited, with the consent of Plaintiffs and Defendants, to compliance with the obligations set forth in Section XX (Information Collection and Retention), Paragraph 226 and Paragraph 231, only with respect to that portion of the Herculaneum Lead Smelter Facility transferred to Riverview Commerce Park, LLC.</u>

**Paragraph 8.c shall now read (modifications are double underlined):**

c. No sale or transfer of ownership or operation, in whole or in part, of any of the Doe Run Facilities shall take place before the transferee, Defendants, and the Plaintiffs have executed, and the Court has approved, a modification pursuant to Section XXVI (Modification) of this Consent Decree making the transferee a party defendant to this Consent Decree and jointly and severally liable with Defendants for all requirements of this Decree, with the exception of the obligations set forth in Section IX (Site Remediation – Herculaneum), Section X (Financial Assurances), Paragraphs 155, 156, 158, 161, and 162 (Stream Mitigation provisions) of Section XIV (Additional Injunctive Relief), and Section XV (Environmental Mitigation Projects), which may be applicable to the

4

transferred or purchased Doe Run Facilities, except as provided in Paragraph 8e., below.

<u>No sale or transfer of ownership or operation, in whole or in part, of any of the Riverfront Property shall take place before the Transferee Defendant, Defendants, and the Plaintiff have executed, and the Court has approved, a modification pursuant to Section XXVI (Modification) of this Consent Decree making the subsequent transferee a party defendant to this Consent Decree and jointly and severally liable with Defendants for only those requirements of this Consent Decree applicable to the Transferee Defendant.</u>

3. Section III. (Definitions) of the Consent Decree shall be modified as follows:

**New Paragraphs 9.ddd and 9.eee shall be added:**

ddd. "Riverfront Property" shall mean the portion of the Herculaneum Lead Smelter Facility consisting of approximately eighteen (18) acres immediately adjacent to the Mississippi River, running the north/south length of the Herculaneum Lead Smelter Facility purchased by Transferee Defendant.

eee. "Transferee Defendant" shall mean Riverview Commerce Park, LLC.

4. Section XX. (Information Collection and Retention) of the Consent Decree shall be modified as follows:

**Paragraph 226 shall now read (modifications are double underlined):**

226. The United States, the State, and their representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:
    a. monitor the progress of activities required under this Consent Decree;
    b. verify any data or information submitted to the United States or the State in accordance with the terms of this Consent Decree;
    c. obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;
    d. obtain documentary evidence, including photographs and similar data; and
    e. assess Defendants' compliance with this Consent Decree.

<u>The transfer of the Riverfront Property to the Transferee Defendant does not in any way limit the rights of the United States, the State, and their representatives pursuant to this Paragraph. Transferee Defendant shall not limit the rights of Defendants to access the Riverfront Property, upon reasonable notice, to carry out Defendants' duties and obligations set forth in the Consent Decree. At the</u>

<u>completion of the active remedy, Transferee Defendant shall sign and implement an environmental covenant, approved by Plaintiffs, for the Riverfront Property which specifically details the requirements for and restrictions on future use of the Riverfront Property.</u>

**Paragraph 231 shall now read (modifications are double underlined):**

231. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States or the State pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits. <u>The transfer of the Riverfront Property to the Transferee Defendant does not in any way limit the rights of the United States, the State, and their representatives pursuant to this Paragraph.</u>

5.   Section XXIII. (Notices) of the Consent Decree shall be modified as follows:

**Paragraph 247 shall now read (strikethroughs show deletions; double underlining shows additions):**

247. Unless otherwise specified herein, whenever notifications, submissions, or communications, hereafter referred to generally as "notices", are required by this Consent Decree, they shall be made in writing and addressed as follows:

<u>To the United States (in addition to the EPA addresses below):</u>
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-2-1-0370/1

To EPA:
Chief, Waste Enforcement and Materials Management Branch
Air and Waste Management Division
U.S. Environmental Protection Agency
Region 7
~~901 N. 5th Street~~ <u>11201 Renner Boulevard</u>
~~Kansas City, KS 66101~~ <u>Lenexa, Kansas 66219</u>
Facsimile: 913-551-7201
and
Office of Regional Counsel
U.S. Environmental Protection Agency

6

Region 7
~~901 N. 5th Street~~ <u>11201 Renner Boulevard</u>
~~Kansas City, KS 66101~~ <u>Lenexa, Kansas 66219</u>
Facsimile: 913-551-7925
With electronic copy to: Sanders.Steven@epa.gov ~~and Toensing.Donald@epa.gov~~

To the State or MDNR:
Director, Division of Environmental Quality
Missouri Department of Natural Resources
1101 Riverside Drive
P.O. Box 899
Jefferson City, Missouri 65102
Facsimile: (573) 751-9277

With electronic copy to: leanne.tippett.mosby@dnr.mo.gov and <u>missy.newman@dnr.mo.gov</u>
~~betsy.crawford@dnr.mo.gov~~

To Defendants:
Stacy Stotts
Partner
Stinson Morrison Hecker LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150

<u>Matthew Wohl</u> ~~Louis J. Marucheau~~
The Doe Run Company
Vice President Law and Assistant Secretary
1801 Park 270 Drive, Suite 300
St. Louis, Missouri 63146

~~Aaron W. Miller~~
The Doe Run Company
~~Environmental Management Coordinator~~<u>V.P. Environmental, Health & Safety</u>
~~881 Main St.~~<u>1801 Park 270 Drive, Suite 300</u>
~~Herculaneum, MO 63048~~<u>St. Louis, MO 63146</u>

With electronic copy to: sstotts@stinson.com,
~~lmarucheau@doerun.com~~<u>doerunlegal@doerun.com</u>, and
~~amiller@doerun.com~~

<u>To Transferee Defendant:</u>
<u>Stacy Hastie</u>
<u>Riverview Commerce Park, LLC 1530</u>
<u>South Second Street</u>
<u>St. Louis, Missouri 63104</u>

<u>With electronic copy to: stacy@environmentalops.com</u>

7

6. Section XXIV. (Effective Date) of the Consent Decree shall be modified as follows:

**Paragraph 250 shall now read (modifications are double underlined):**

250. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket; provided, however, that Defendants hereby agree that they shall be bound to perform duties scheduled to occur prior to the Effective Date. In the event the United States withdraws or withholds consent to this Consent Decree before entry, or the Court declines to enter the Consent Decree, then the preceding requirement to perform duties scheduled to occur before the Effective Date shall terminate. <u>The Effective Date of the Second Amendment to the Consent Decree shall be the date on which the Court enters an Order approving the Second Amendment to the Consent Decree.</u>

7. Section XXVI. (Modification) of the Consent Decree shall be modified as follows:

**Paragraph 252 shall be deleted in its entirety and replaced, as follows:**

<u>252. The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all of the Parties. The signature of a Transferee Defendant, however, is not required with respect to any modification that does not affect the obligations of a Transferee Defendant. Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court. For purposes of this Consent Decree, non-material modifications shall include, but are not limited to the frequency of reporting obligations and modifications to schedules that do not extend final dates for compliance with emissions limitations or effluent limitations, provided that such changes are agreed upon in writing between EPA and MDNR. A Party's refusal to agree to a modification of this Consent Decree shall not be subject to dispute resolution or judicial review.</u>

8

8. Section XXVII. (Termination) of the Consent Decree shall be modified as follows:

> **New Paragraph 254.c shall be added:**
>
> c. Termination for Transferee Defendant. The Transferee Defendant shall have the right, upon completion of active remediation of the Riverfront Property, to serve on the Plaintiffs a Request for Complete Termination with respect to the Transferee Defendant pursuant to Section XXVII (Termination). If the United States, after consultation with the State, agrees that the Decree may be terminated with respect to the Transferee Defendant, the Plaintiffs and Transferee Defendant shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree with respect to the Transferee Defendant. If the United States, after consultation with the State, does not agree that the Decree may be terminated with respect to the Transferee Defendant, the Transferee Defendant may invoke Dispute Resolution under Section XIX (Dispute Resolution).

Dated and entered this 7th day of April, 2016

*/s/ John A. Ross*

UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MISSOURI

WE HEREBY CONSENT to the entry of the Second Amendment to the Consent Decree in United States, et al. v. The Doe Run Resources Corporation, et al., Civil No. 4:10-cv-01895-JCH (E.D. Mo.).

FOR PLAINTIFF THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Cynthia M. Ferguson*
CYNTHIA M. FERGUSON
Senior Litigator
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611 Benjamin Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 616-6560
Fax: (202) 514-4180
Email: Cynthia.Ferguson@usdoj.gov


LOCAL COUNSEL:

RICHARD G. CALLAHAN
United States Attorney
Eastern District of Missouri

SUZANNE J. MOORE
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone: (314) 539-2200

WE HEREBY CONSENT to the entry of the Second Amendment to the Consent Decree in United States, et al. v. The Doe Run Resources Corporation, et al., Civil No. 4:10-cv-01895-JCH (E.D. Mo.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, REGION 7:

_____
MARK HAGUE
Regional Administrator
United States Environmental Protection Agency,
Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219

_____
DAVID COZAD
Regional Counsel
U.S. Environmental Protection Agency,
Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219

STEVEN L. SANDERS
DANA SKELLEY
Office of Regional Counsel
United States Environmental Protection Agency,
Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219

WE HEREBY CONSENT to the entry of the Second Amendment to the Consent Decree in United States, et al. v. The Doe Run Resources Corporation, et al., Civil No. 4:10-cv-01895-JCH (E.D. Mo.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

*/s/ Susan Shinkman*
SUSAN SHINKMAN
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

12

WE HEREBY CONSENT to the entry of the Second Amendment to the Consent Decree in United States, et al. v. The Doe Run Resources Corporation, et al., Civil No. 4:10-cv-01895-JCH (E.D. Mo.).

FOR THE STATE OF MISSOURI:

                CHRIS KOSTER
                Attorney General

                _____
                TIMOTHY A. BLACKWELL
                Assistant Attorney General
                No. 35443MO
                221 West High Street
                P.O. Box 899
                Jefferson City, MO 65102
                Phone: (573) 751-8846
                Fax: (573) 751-8796
                Email: tim.blackwell@ago.mo.gov

WE HEREBY CONSENT to the entry of the Second Amendment to the Consent Decree in <u>United States, et al. v. The Doe Run Resources Corporation, et al.</u>, Civil No. 4:10-cv-01895-JCH (E.D. Mo.).

FOR THE MISSOURI DEPARTMENT OF NATURAL RESOURCES:

*[signature]*

LEANNE TIPPETT MOSBY
Director, Division of Environmental Quality
P.O. Box 176
Jefferson City, Missouri 65102

FOR THE DOE RUN RESOURCES CORPORATION; THE DOE RUN RESOURCES CORPORATION d/b/a THE DOE RUN COMPANY; and THE BUICK RESOURCE RECYCLING FACILITY, LLC

        STINSON MORRISON HECKER, LLC

        */s/ Stacy Stotts*
        STACY STOTTS
        Missouri Bar No. 50414
        Stinson Morrison Hecker, LLC
        1201 Walnut Street, Ste. 2900
        Kansas City, MO 64106
        Telephone: (816) 691-3363
        Fax: (816) 412-9326
        Email: SStotts@stinson.com
        Attorney for The Doe Run Resources Corporation; The Doe Run Resources Corporation d/b/a The Doe Run Company; and The Buick Resource Recycling Facility

FOR PROPOSED PARTIAL TRANSFEREE DEFENDANT RIVERVIEW COMMERCE PARK, LLC:

ARMSTRONG TEASDALE LLP

GEORGE VON STAMWITZ
Missouri Bar No. 32395
SCOTT K.G. KOZAK
Missouri Bar No. 49029
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Fax: (314) 621-5065
gvonstamwitz@armstrongteasdale.com
skozak@armstrongteasdale.com

16